**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: PRO FOUR DOORS AND LUMBER, INCORPOR | § | Case No. 14-38849-TAB |
| | § | |
| | § | |
| Debtor(s) | § | |

# TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on October 27, 2014.  The undersigned trustee was appointed on October 27, 2014.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of      $     21,158.76

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Payments made under an interim distribution | 7,301.22 |
   | Administrative expenses | 13,692.81 |
   | Bank service fees | 164.73 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 0.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of [1]      $ | 0.00 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

      6. The deadline for filing non-governmental claims in this case was 04/23/2015 and the deadline for filing governmental claims was 04/27/2015. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

      7. The Trustee's proposed distribution is attached as **Exhibit D**.

      8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $2,865.88. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

      The trustee has received $1,367.51 as interim compensation and now requests the sum of $0.00, for a total compensation of $1,367.51.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

      Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 12/15/2015    By: /s/EUGENE CRANE
                                 Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 14-38849-TAB
**Case Name:** PRO FOUR DOORS AND LUMBER, INCORPOR

**Trustee:** (330350) EUGENE CRANE
**Filed (f) or Converted (c):** 10/27/14 (f)
**§341(a) Meeting Date:** 12/09/14

**Period Ending:** 12/15/15
**Claims Bar Date:** 04/23/15

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref. # | Asset Description (Scheduled And Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | Checking Account - Fifth Third Bank. <br> Imported from original petition Doc# 1 | 235.00 | 235.00 | | 0.00 | FA |
| 2 | 5 client outstanding invoices <br> Imported from original petition Doc# 1 | 5,200.00 | 5,200.00 | | 4,148.76 | FA |
| 3 | 1999 Ford Cab Chass Truck <br> Imported from original petition Doc# 1 | 2,000.00 | 2,000.00 | | 0.00 | FA |
| 4 | 2000 Chevrolet 3500 Truck with tool and rack wit <br> Imported from original petition Doc# 1 | 7,000.00 | 7,000.00 | | 0.00 | FA |
| 5 | 2000 Chevrolet 3500 truck with tool box and rack <br> Imported from original petition Doc# 1 | 6,500.00 | 6,500.00 | | 0.00 | FA |
| 6 | Office equipment <br> Imported from original petition Doc# 1 | Unknown | 0.00 | | 0.00 | FA |
| 7 | Scissor lift with trailer and Stage fork lift, S <br> Imported from original petition Doc# 1 | 65,000.00 | 65,000.00 | | 17,010.00 | FA |
| 7 | **Assets Totals** (Excluding unknown values) | **$85,935.00** | **$85,935.00** | | **$21,158.76** | **$0.00** |

**Major Activities Affecting Case Closing:**

11/18/2015: Final Report filed with USTO for review (dk)
11/04/2015: Order entered to pay Lois West her accounting fees; checks cut (dk)
10/28/2015: Order entered to distribute funds in estate for Admin expenses, lien (dk)
09/24/2015: Motion filed to Distribute proceeds of auction (after payment to acct, split proceeds with bank); phone number is now property of someone else, so abandoned as an asset (dk)
05/05/2015: One of the principals wants to buy goodwill (Phone number domain name, name of co.); have asked other principal for an offer as well (dk)
04/21/2015: Accountant retained. (dk)
04/14/2015: Auction held, sale of assets (dk)
01/15/2015: Auctioneer will inventory assets (dk)
12/30/2014: Review lien documents; lien holder First Midwest Bank OK with auction and carve out of fees/expenses BUT is there equity? (dk)

**Initial Projected Date Of Final Report (TFR):**   February 28, 2016          **Current Projected Date Of Final Report (TFR):**   February 28, 2016

Printed: 12/15/2015 11:11 AM    V.13.25

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 1

**Case Number:** 14-38849-TAB  
**Case Name:** PRO FOUR DOORS AND LUMBER, INCORPOR  
**Taxpayer ID #:** **-***1590  
**Period Ending:** 12/15/15  

**Trustee:** EUGENE CRANE (330350)  
**Bank Name:** Rabobank, N.A.  
**Account:** ******6666 - Checking Account  
**Blanket Bond:** $5,000,000.00 (per case limit)  
**Separate Bond:** N/A  

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 01/20/15 | {2} | Nanette Gardner | Accounts receivable | 1121-000 | 100.00 | | 100.00 |
| 01/20/15 | {2} | Candace Calhoun Watkins | Accounts receivable | 1121-000 | 148.43 | | 248.43 |
| 01/20/15 | {2} | 221 S Leavitt Condo Association | Accounts receivable | 1121-000 | 180.00 | | 428.43 |
| 01/20/15 | {2} | Dober Chemical Corporation | Accounts receivable | 1121-000 | 255.00 | | 683.43 |
| 01/20/15 | {2} | JRJ ADA, LLC | Accounts receivable | 1121-000 | 345.33 | | 1,028.76 |
| 01/20/15 | {2} | Treasurer of Schools, Thornton TWP. 36, Rge 14 | Accounts receivable | 1121-000 | 750.00 | | 1,778.76 |
| 01/20/15 | {2} | KRAK Corporation of Illinois | Accounts receivable | 1121-000 | 2,370.00 | | 4,148.76 |
| 01/30/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 4,138.76 |
| 02/27/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 4,128.76 |
| 03/31/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 4,118.76 |
| 04/30/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 4,108.76 |
| 05/05/15 | {7} | American Auction Associates, Inc. | Gross receipts from auction sale of assets | 1129-000 | 17,010.00 | | 21,118.76 |
| 05/29/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 24.46 | 21,094.30 |
| 06/11/15 | 101 | American Auction Associates, Inc. | Payment of Expenses for Auction sale; approved per Court Order 06/09/2015 | 3620-000 | | 4,991.60 | 16,102.70 |
| 06/30/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 29.49 | 16,073.21 |
| 07/31/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 23.88 | 16,049.33 |
| 08/31/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 22.31 | 16,027.02 |
| 09/30/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 24.59 | 16,002.43 |
| 11/04/15 | 102 | Popowcer Katten, Ltd. | Accountant fees for preparation of Federal and State income taxes; Court Order entered 11/03/2015 | 3410-000 | | 1,400.00 | 14,602.43 |
| 11/04/15 | 103 | Sullivan Hincks & Conway | First Midwest Bank N.A. Lien Payment Per Court Order entered 10/27/2015 | 4210-000 | | 7,301.22 | 7,301.21 |
| 11/05/15 | 104 | EUGENE CRANE | Dividend paid 47.71% on $2,865.88, Trustee Compensation; per Court Order entered 10/27/2015 | 2100-000 | | 1,367.51 | 5,933.70 |
| 11/05/15 | 105 | Crane, Heyman, Simon, Welch & Clar | Dividend paid 47.71% on $11,994.00, Attorney for Trustee Fees (Trustee Firm); Per Court Order entered 10/27/2015 | 3110-000 | | 5,723.16 | 210.54 |
| 11/05/15 | 106 | Crane, Heyman, Simon, Welch & Clar | Dividend paid 47.71% on $441.22, Attorney for Trustee Expenses (Trustee Firm); Per Court Order entered on 10/27/2015 | 3120-000 | | 210.54 | 0.00 |

Subtotals :   $21,158.76   $21,158.76

{} Asset reference(s)

Printed: 12/15/2015 11:11 AM  V.13.25

Exhibit B

# Form 2
## Cash Receipts And Disbursements Record

Page: 2

| Case Number: | 14-38849-TAB | | Trustee: | EUGENE CRANE (330350) |
|---|---|---|---|---|
| Case Name: | PRO FOUR DOORS AND LUMBER, INCORPOR | | Bank Name: | Rabobank, N.A. |
| | | | Account: | ******6666 - Checking Account |
| Taxpayer ID #: | **-***1590 | | Blanket Bond: | $5,000,000.00   (per case limit) |
| Period Ending: | 12/15/15 | | Separate Bond: | N/A |

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| | | | **ACCOUNT TOTALS** | | 21,158.76 | 21,158.76 | $0.00 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | 21,158.76 | 21,158.76 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$21,158.76** | **$21,158.76** | |

|  |  |
|---|---|
| Net Receipts : | 21,158.76 |
| Net Estate : | $21,158.76 |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **Checking # ******6666** | 21,158.76 | 21,158.76 | 0.00 |
| | **$21,158.76** | **$21,158.76** | **$0.00** |

# Claims Proposed Distribution

## Case:  14-38849-TAB    PRO FOUR DOORS AND LUMBER, INCORPOR

| **Case Balance:** | $0.00 | **Total Proposed Payment:** | $0.00 | **Remaining Balance:** | $0.00 |

| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|
|  | Popowcer Katten, Ltd. | Admin Ch. 7 | 1,400.00 | 1,400.00 | 1,400.00 | 0.00 | 0.00 | 0.00 |
|  | <3410-00   Accountant for Trustee Fees (Other Firm)> | | | | | | | |
|  | Crane, Heyman, Simon, Welch & Clar | Admin Ch. 7 | 441.22 | 441.22 | 210.54 | 230.68 | 0.00 | 0.00 |
|  | <3120-00   Attorney for Trustee Expenses (Trustee Firm)> | | | | | | | |
|  | Crane, Heyman, Simon, Welch & Clar | Admin Ch. 7 | 11,994.00 | 11,994.00 | 5,723.16 | 6,270.84 | 0.00 | 0.00 |
|  | <3110-00   Attorney for Trustee Fees (Trustee Firm)> | | | | | | | |
|  | EUGENE CRANE | Admin Ch. 7 | 2,865.88 | 2,865.88 | 1,367.51 | 1,498.37 | 0.00 | 0.00 |
|  | <2100-00   Trustee Compensation> | | | | | | | |
| 2P | Internal Revenue Service | Priority | 3,904.49 | 3,904.49 | 0.00 | 3,904.49 | 0.00 | 0.00 |
| 3P | Illinois Department of Employment Security | Priority | 1,390.65 | 1,390.65 | 0.00 | 1,390.65 | 0.00 | 0.00 |
| 4P | Illinois Department of Revenue | Priority | 58.08 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
|  | **Claim Memo:**   WIthdrawn 06/02/2015 | | | | | | | |
| 1 | Express Slats | Unsecured | 1,981.15 | 1,981.15 | 0.00 | 1,981.15 | 0.00 | 0.00 |
| 2U | Internal Revenue Service | Unsecured | 500.00 | 500.00 | 0.00 | 500.00 | 0.00 | 0.00 |
| 3U | Illinois Department of Employment Security | Unsecured | 110.00 | 110.00 | 0.00 | 110.00 | 0.00 | 0.00 |
| 4U | Illinois Department of Revenue | Unsecured | 122.18 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
|  | **Claim Memo:**   WIthdrawn 06/02/15 | | | | | | | |
|  | **Total for Case 14-38849 :** | | **$24,767.65** | **$24,587.39** | **$8,701.21** | **$15,886.18** | **$0.00** | |

## CASE SUMMARY

| | Amount Filed | Amount Allowed | Paid to Date | Proposed Payment | % paid |
|---|---|---|---|---|---|
| **Total Administrative Claims :** | $16,701.10 | $16,701.10 | $8,701.21 | $0.00 | 52.099622% |
| **Total Priority Claims :** | $5,353.22 | $5,295.14 | $0.00 | $0.00 | 0.000000% |
| **Total Unsecured Claims :** | $2,713.33 | $2,591.15 | $0.00 | $0.00 | 0.000000% |

**TRUSTEE'S PROPOSED DISTRIBUTION**  Exhibit D

Case No.: 14-38849-TAB
Case Name: PRO FOUR DOORS AND LUMBER, INCORPOR
Trustee Name: EUGENE CRANE

**Balance on hand:** $ 0.00

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 0.00

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - EUGENE CRANE | 2,865.88 | 1,367.51 | 0.00 |
| Attorney for Trustee, Fees - Crane, Heyman, Simon, Welch & Clar | 11,994.00 | 5,723.16 | 0.00 |
| Attorney for Trustee, Expenses - Crane, Heyman, Simon, Welch & Clar | 441.22 | 210.54 | 0.00 |
| Accountant for Trustee, Fees - Popowcer Katten, Ltd. | 1,400.00 | 1,400.00 | 0.00 |

Total to be paid for chapter 7 administration expenses: $ 0.00
Remaining balance: $ 0.00

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 0.00

**UST Form 101-7-TFR (05/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $5,295.14 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| 2P | Internal Revenue Service | 3,904.49 | 0.00 | 0.00 |
| 3P | Illinois Department of Employment Security | 1,390.65 | 0.00 | 0.00 |
| 4P | Illinois Department of Revenue | 0.00 | 0.00 | 0.00 |

|  |  |
|---|---:|
| Total to be paid for priority claims: | $ 0.00 |
| Remaining balance: | $ 0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 2,591.15 have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| 1 | Express Slats | 1,981.15 | 0.00 | 0.00 |
| 2U | Internal Revenue Service | 500.00 | 0.00 | 0.00 |
| 3U | Illinois Department of Employment Security | 110.00 | 0.00 | 0.00 |

|  |  |
|---|---:|
| Total to be paid for timely general unsecured claims: | $ 0.00 |
| Remaining balance: | $ 0.00 |

**UST Form 101-7-TFR (05/1/2011)**

  Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full.  The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

  Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| 4U | Illinois Department of Revenue | 0.00 | 0.00 | 0.00 |
| | Total to be paid for tardy general unsecured claims: | | $ | 0.00 |
| | Remaining balance: | | $ | 0.00 |

  Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

  Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| | None | | | |
| | Total to be paid for subordinated claims: | | $ | 0.00 |
| | Remaining balance: | | $ | 0.00 |

**UST Form 101-7-TFR (05/1/2011)**

**ADDENDUM TO PRO FOUR DOORS AND LUMBER  FINAL REPORT - ADMINISTRATIVELY INSOLVENT**

As Trustee I pursue the remedies that may result in dividends for creditors.  Sometimes the time and cost involved yields less than what we receive.  In this case First Midwest Bank held a perfected security interest in the assets of the Debtor.  I entered into an agreement with the Bank whereby the Bank consented to the conducting of a sale of the assets of the Debtor.  Unfortunately, the sale yielded an amount that was not more than the lien,  which is beyond my control.   On October 27, 2015 a Court Order was entered allowing administrative fees and expenses with the balance of the estate's funds to go to the bank.